UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IAN CLARK, | |
| Petitioner, | |
| v. | CAUSE NO. 3:21-CV-824-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Ian Clark, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction under Case No. 43C01-705-FA-127. Following a jury trial, on March 7, 2007, the Kosciusko Circuit Court sentenced him to life imprisonment without the possibility of parole. This is not the first time he has brought a habeas corpus petition challenging that conviction. In *Clark v. Warden*, 3:17-cv-475 (N.D. Ind. dismissed July 10, 2019), the court dismissed his habeas petition because his claims were procedurally defaulted. Pursuant to 28 U.S.C. § 2244(b), "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because Clark has not been authorized to file a successive petition by the Seventh Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A), the court dismisses this petition.

On a separate note, Clark's filing history reveals that he has attempted to pursue challenges to this conviction in federal court on multiple occasions and that, in *Clark v.*

*Warden*, 3:17-CV-475 (N.D. Ind. filed June 19, 2017), the court cautioned him that further attempts to challenge this conviction in this court without authorization from the Seventh Circuit could result in sanctions. Specifically, on May 10, 2021, the court denied Clark's motion to reconsider and stated as follows:

> Finally, the court observes that, since the entry of the order of dismissal in July 2019, Clark has filed two motions to reconsider in this case. He also challenged this conviction in a separate habeas case, *Clark v. Warden*, 3:20-cv-823 (N..D. Ind. filed Oct. 1, 2020), which the court summarily dismissed as a second or successive petition filed without authorization from the Seventh Circuit Court of Appeals as required by 28 U.S.C. § 2244(b). In that case, he filed three motions to reconsider, and the court cautioned him that he could be sanctioned for further filings in that case. The court now advises Clark that the time to challenge his murder conviction with this court in any case has passed. Further attempts to challenge this conviction in this court without authorization from the Seventh Circuit may result in sanctions, including fines or filing restrictions.

Since that time, Clark has persisted in filing documents challenging his conviction in 3:17-CV-475. Clark also appealed the order denying the motion to reconsider, and the Seventh Circuit's terminated this appeal for lack of merit shortly before he initiated this case.

In sum, Clark's filing history demonstrates that he has known for a year that his attempts to invalidate his conviction and sentence in federal court through any avenue other than filing a motion for authorization to file a successive petition with the Seventh Circuit are inappropriate. On two separate occasions, the court has instructed him to stop submitting frivolous filings and has cautioned him that failing to do so would likely result in sanctions. Nevertheless, he has continued to submit frivolous filings

challenging his State conviction with this court. On this basis, the court finds that this misconduct warrants sanctions and must consider which sanctions are appropriate.

Clark has filed a motion to proceed in forma pauperis asserting that he has not paid the filing fee (ECF 2), so a monetary fine is unlikely to be an effective sanction. Further, while restricting Clark from filing in this case seems appropriate, this sanction alone is likely insufficient given that he has demonstrated a willingness to open new habeas cases challenging his State conviction without authorization from the Seventh Circuit, despite knowledge that such authorization is statutorily required.

For these reasons, the court:

(1) DISMISSES this petition as an unauthorized successive petition;

(2) DENIES Ian J. Clark a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DIRECTS the Clerk to close this case;

(4) DIRECTS the Clerk to return, unfiled, any attempted filings **in this case** by or on behalf of Ian Clark except for a notice of appeal and related documents;

(5) DIRECTS the Clerk to return, unfiled, any documents submitted by or on behalf of Ian J. Clark for the purpose of initiating a case to challenge his criminal conviction in the Kosciusko Circuit Court, Case No. 43C01-705-FA-127, **unless** he has obtained authorization to file a successive petition from the Seventh Circuit; and

(6) DIRECTS the clerk to note on the docket of this case any attempted filings in violation of this order.

SO ORDERED on November 2, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT